IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICK SMIRL § | | |
| (BOP Register No. 28854-077), § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| V. § | No. 3:17-cv-2281-L-BN | |
| § | | |
| DJ HARMON, Warden, § | | |
| § | | |
| Respondent. § | | |

**MEMORANDUM OPINION AND ORDER
DENYING MOTION FOR DISCOVERY**

Petitioner Rick Smirl, a federal inmate incarcerated at BOP Seagoville FCI, in the Dallas Division of this district, filed a petition under 28 U.S.C. § 2241. *See* Dkt. No. 3. This resulting habeas action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay.

In his Section 2241 petition, Smirl alleges that his federal sentence was unlawfully extended through an improper disciplinary proceeding initiated after he tested positive for cannabinoids. The government filed a response to the habeas petition. *See* Dkt. Nos. 9 & 10. And the deadline for Smirl to file a reply brief passed without a brief being filed. *See* Dkt. No. 7.

Smirl now argues that he is entitled to discovery: "records of recent drug test results conducted by prison officials pursuant to PS 6060.08 upon samples associated with Petitioner, including any urinalysis conducted immediately surrounding his

-1-

return to prison from the hospital on or about 1/23/2017"; "medical records in Petitioner's file produced by the hospital on or around said date"; and "any evidence connecting Petitioner to any positive test result for marijuana use per se, such as chain-of-custody or signed documents such as prescribed by PS 6060.08." Dkt. No. 12.

**Legal Standards**

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of course." *Reed v. Quarterman*, 504 F.3d 465, 471-72 (5th Cir. 2007) (citing *Bracy v. Gramley*, 520 U.S. 899, 904 (1997)); *see also Scott v. Michael*, Civ. A. No. 08-1262, 2009 WL 307791, at *4 (E.D. La. Feb. 6, 2009) ("A habeas petitioner is entitled to invoke all applicable federal rules of discovery, however, it is within the district judge's discretion and subject to the requirement of good cause shown as to whether to allow discovery." (citing RULE 6(a), RULES GOVERNING SECTION 2254 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS)).

> "The habeas petitioner is entitled to discovery only where "good cause" is shown. [*Bracy*, 520 U.S. at 904.] The Supreme Court has held that good cause is shown where "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief." *Harris v. Nelson*, 394 U.S. 286, 300 (1969).

*Reed*, 504 F.3d at 471-72; *see also Thompson v. Stephens*, Civ. A. No. H-13-1900, 2014 WL 2765666, at *2 (S.D. Tex. June 18, 2014) ("A court may authorize discovery only when a petitioner's substantive claims 'establish [ ] a *prima facie* claim for relief," and his factual allegations are specific, 'as opposed to merely speculative or conclusory[.]'" (quoting *Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000); footnote omitted)).

The rules governing Section 2254 proceedings, including Habeas Rule 6, generally apply to proceedings under 28 U.S.C. § 2241. See RULE 1(b), RULES GOVERNING SECTION 2254 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS; *Ortloff v. Fleming*, 88 F. App'x 715, 717 (5th Cir. 2004) (per curiam) ("This court has held, in a 28 U.S.C. § 2254 case, that conclusional allegations do not entitle a petitioner to discovery and that Rule 6 of the Rules Governing Section 2254 Cases 'does not authorize fishing expeditions.' There is no valid reason why the law should be different for discovery in a 28 U.S.C. § 2241 habeas case such as this." (citation omitted)).

**Analysis**

Consideration of Smirl's discovery requests begins with an established premise: "Federal habeas review of the sufficiency of the evidence to support a disciplinary conviction is extremely limited. Due process requires only 'some evidence to support the findings made in the disciplinary hearing.'" *Hunnicutt v. Stephens*, No. 3:14-cv-885-G-BN, 2014 WL 2619856, at *2 (N.D. Tex. June 12, 2014) (quoting *Superintendent, Mass. Corr. Institution v. Hill*, 472 U.S. 445, 457 (1985); citing *Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. Unit A Oct. 1981) (a court must determine whether "any evidence at all" supports disciplinary action taken by prison officials)); *see Pruitt v. Martin*, 582 F. App'x 319, 320 (5th Cir. 2014) (per curiam) ("[A] disciplinary proceeding comports with due process if ... there is 'some evidence' in the record to support the disciplinary conviction." (citing *Richards v. Dretke*, 394 F.3d 291, 294 (5th Cir. 2004))); *see, e.g., Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898-99 (5th Cir. 2000) ("Given that there was 'some evidence' supporting the punishment, and that there would still

be 'some evidence' even if Henson obtained a contradictory result from a retest, Henson had no due process right to retest the pipe." (internal citation and footnote omitted)).

Here, there is "some evidence" in the record, as reflected by the government's response and its appendix – the disciplinary hearing officer ("DHO") relied on an incident report and supporting evidence. *See* Dkt. No. 9 at 10. As explained by the government, that report "contains a staff member's signed statement that he received lab results from Dallas Regional Medical Center indicating that Petitioner had tested positive for cannabinoids. The attached lab results confirmed the staff member's statement. And the accompanying physician's assistant memo concluded that nothing the Petitioner was prescribed would yield the positive outcome." *Id.* (citing Dkt. No. 10 at 12, 19, 21, 22).

To the extent that Smirl's discovery requests are relevant to the DHO's determination, they are not relevant to the Court's "extremely limited" review of the evidence now, in the context of considering Smirl's Section 2241 petition. Smirl argued in his administrative appeal of the DHO's determination that he did not provide a urine specimen at the hospital, but he failed to support that allegation with evidence at that time. *See* Dkt. No. 10 at 31-32. And, even if Smirl obtained his requested evidence now – and even if that evidence contradicts the evidence that supports the DHO's determination, affirmed on appeal – "there would still be 'some evidence'" to support that determination. *Henson*, 213 F.3d at 898-99. Accordingly, Smirl has not shown that good cause supports his discovery requests, since there is no reason to believe that, with the requested discovery, Smirl will be able to demonstrate that his

right to due process was violated on the basis that no evidence supports the DHO's determination. *See Olsen v. Batts*, No. 1:15-cv-44-BL, 2016 WL 8078307, at *3 (N.D. Tex. Dec. 19, 2016) ("Olsen's unsubstantiated allegations [as to chain of custody] fail to show that his due process rights were violated. 'Where a disciplinary hearing does not otherwise violate a prisoner's rights, allegations of falsified evidence are not grounds for federal habeas relief.' ... Furthermore, absent some affirmative indication of error, a lab report and the chain of custody form can qualify as some evidence that an inmate violated the disciplinary code. Further, the hypothetical possibility of tampering does not render evidence inadmissible, but goes instead to the weight of the evidence." (citations omitted)), *rec. adopted*, 2017 WL 384684 (N.D. Tex. Jan. 26, 2017).

The Court will therefore not authorize Smirl's requested fishing expedition under Habeas Rule 6.

## Conclusion

Petitioner Rick Smirl's Motion for Discovery [Dkt. No. 12] is DENIED.

SO ORDERED.

DATED: February 20, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE