IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICK SMIRL, | ) | |
| ID # 28854-077, | ) | |
|     Petitioner, | ) | |
| vs. | ) | No. 3:17-CV-2281-L-B (BH) |
| | ) | |
| MARTHA UNDERWOOD, Warden,[1] | ) | Referred to U.S. Magistrate Judge |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the petition for writ of habeas corpus under 28 U.S.C. § 2241 should be **DENIED** with prejudice.

## I. BACKGROUND

Rick Smirl (Petitioner), a prisoner currently incarcerated in the Federal Correctional Institution (FCI) in Seagoville, Texas, brought this action under 28 U.S.C. § 2241 to challenge a Bureau of Prisons (BOP) disciplinary charge and hearing. (doc. 3 at 2.)[2] Martha Underwood, Warden of FCI Seagoville, is the respondent (Respondent)

Petitioner was convicted of conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A), and he was sentenced to 216 months' imprisonment on August 2, 2007. (*See* doc. 10 at 4); *United States v. Smirl*, 4:07-CR-003-A(15) (N.D. Tex. Aug. 2, 2007). The sentence was later reduced to 169 months' imprisonment. (*See* doc. 10 at 9); *Smirl*, 4:07-CR-003-A(15) (N.D. Tex. Jan. 25, 2016).

---

[1] The petitioner named former warden D.J. Harmon as the respondent. David Lofton was the warden of the Federal Correctional Institution (FCI) in Seagoville, Texas, and he has now been succeeded by Martha Underwood. Under Rule 25(d) of the Federal Rules of Civil Procedure, Warden Underwood "is automatically substituted as a party."

[2] Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

While serving his sentence at FCI Seagoville, Petitioner was charged on January 26, 2017, with violating BOP disciplinary code section 112, use of drugs not prescribed for the individual, by incident report no. 2943943. (*See* doc. 10 at 19 §§ 9-10, 13.) The incident report alleged that lab results showed that Petitioner tested positive for cannabinoid, and that Health Services had indicated that nothing he was prescribed would test positive for cannabinoid. (*See id*. at 19 § 11.) The lab report, which stated that Petitioner's urine drug screen had tested positive for cannabinoid, and a memorandum from a physician assistant regarding the lack of a prescribed medication that would cause a positive result, were attached to the incident report. (*See id*. at 21-22.) The incident report was delivered to Petitioner on January 26, 2017. (*See id*., § 15.) It states that Petitioner was advised of his rights. (*See id.* at 20 §§ 23-24.)

Petitioner denied smoking any marijuana. (*See id*., § 24.) On January 27, 2017, the Unit Discipline Committee (UDC) referred the charge to a Disciplinary Hearing Officer (DHO). (*See id*. at 19, §§ 18-20.) Petitioner signed an acknowledgment that he received two documents, an Inmate Rights at Discipline Hearing and a Notice of Discipline Hearing before the DHO. (*See id*. at 24, 26.)

The Discipline Hearing before the DHO was held on February 14, 2017. (*See id*. at 28, § I(B).) Petitioner waived his right to a staff representative and his right to present evidence. (*See id*., §§ II(A), III(C).) He denied the charges and pleaded not guilty. (*See id*., § III(A)-(B).) The DHO reviewed Petitioner's due process rights with him, and Petitioner stated that he understood his rights. (*See id*. at 29, § V.) Petitioner did not have documentary evidence to present, and he did not request any witnesses. (*See id*.) The DHO considered the lab report and the memorandum from Health Services. (*See id*. at 28, § III(D).) The DHO found that Petitioner violated Code 112 based on the lab results and the memorandum from Health Services. (*See id*. at 29, § V.) As sanctions, the DHO

2

disallowed 27 days of good conduct time, imposed 20 days of administrative segregation, and took away telephone, commissary, and visiting privileges for 60 days. (*See id.*, § VI.)  Petitioner appealed the disciplinary case through the BOP administrative remedy process, and exhausted his administrative remedies. (*See id.* at 31-35.)

Petitioner filed a habeas petition, received on August 28, 2017. (*See* docs. 3.) He claims that an officer "jumped" him and beat him with his fists. Other officers persuaded the officer to let him up, and the officer told Petitioner that he would "get" him. He was ordered to submit a urinalysis, he complied by giving a sample while in an isolation cell, and the result was negative. He contends that the incident report alleged that the urinalysis was conducted at Dallas Regional Medical Center, but he did not submit a urine specimen there. He suspects that the officer set him up, and he claims that the DHO did not ensure that the urinalysis complied with policy. (*See id.* at 7.)

## II.  DUE PROCESS

Petitioner contends that the duration of his term of imprisonment was unlawfully extended by an improper disciplinary proceeding in violation of his right to due process. (*See* doc. 3 at 5.)

In order to establish a violation of the due process of law in connection with a disciplinary hearing, a prisoner must establish that he has been denied a "'liberty interest' that the prison action implicated or infringed." *Richardson v. Joslin*, 501 F.3d 415, 418 (5th Cir. 2007). Liberty interests are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court identified the protections or procedures that a prison inmate may expect at a disciplinary hearing that results in a sanction affecting a liberty interest. Constitutional due process requires that the inmate receive:

3

(1) advance written notice of the disciplinary charges at least 24 hours before the disciplinary hearing; (2) an opportunity to appear at the hearing, call witnesses, and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985) (citing *Wolff*, 418 U.S. at 563–67).

Petitioner does not dispute that he had notice of the hearing. He appeared at the hearing, and he had the opportunity to call witnesses and present documentary evidence, but he declined to do so. He was provided with the disciplinary report that set out the evidence relied on and the reasons for the disciplinary action. He essentially challenges the sufficiency of the evidence to support the finding that he committed the prohibited act.

Due process does not require that the evidence in a prison disciplinary proceeding eliminate all other possible conclusions, but only that there is "some evidence" in support. *Hill*, 472 U.S. at 455-56; *see also Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. Unit A 1981) (inquiry is whether the decision of the prison authority supported by "some facts" or "any evidence at all.") "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill,* 572 U.S. at 455-56 (citations omitted). The reporting staff member's incident report, standing alone, constitutes some evidence. *Hudson v. Johnson*, 242 F.3d 534, 536-537 (5th Cir. 2001). When reviewing a prison disciplinary decision, "the standard to be applied is whether the actions of the disciplinary committee were arbitrary and capricious or an abuse of discretion." *Smith*, 659 F.2d at 543; *see also Banuelos v. McFarland*, 41 F.3d 232, 234 (5th

4

Cir. 1995).

Here, the lab report was evidence that he tested positive for cannabinoid in a urine drug screen. The memorandum was evidence that he was not prescribed medication that would have caused him to test positive. Because there was evidence in the record that supported the conclusion reached by the disciplinary board, Petitioner has not shown that he was denied his right to due process.

### III.  RECOMMENDATION

The petition for habeas corpus relief under 28 U.S.C. § 2241 should be **DENIED** with prejudice.

**SIGNED this 14th day of June, 2019.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE